FILED
MARCH 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01790   Document 1   Filed 03/27/2008   Page 1 of 10

08 C 1790

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LEINENWEBER
MAGISTRATE JUDGE KEYS

| | |
|---|---|
| GREGORY SIDDI, JEROME SIDDI and FREDERIC SIDDI, individually, and as co-personal representatives, heirs of law, and successors in interest to the estate of ERNEST SIDDI, deceased<br><br>BEN AHMED MHAMDI, as personal Representative, heir at law, and successor in interest to the estate of FATIMA HJIAJ, deceased<br><br>     Plaintiffs,<br><br>     -vs-<br><br>THE BOEING COMPANY, a Corporation; HONEYWELL INTERNATIONAL, INC., a Corporation,<br><br>     Defendants. | J. N.<br><br>JURY DEMAND |

## COMPLAINT

NOW COME plaintiffs, GREGORY SIDDI, JEROME SIDDI and FREDERIC SIDDI, individually, and as co-personal representatives, heirs at law, and successors in interest to the estate of ERNEST SIDDI, deceased, and BEN AHMED MHAMDI, as personal representative, heir at law, and successor in interest to the estate of FATIMA HJIAJ, deceased, complaining against the defendants, and each of them, state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages arising from the injuries to and the wrongful death of ERNEST SIDDI and FATIMA HJIAJ while ticketed passengers aboard Flash

1

Airlines Flight 604 that crashed in the Red Sea near Sharm el-Sheik, Egypt, on January 3, 2004.

2. Jurisdiction is proper in this court pursuant to 28 U.S.C.§1332(a) as the plaintiffs are residents of the Republic of France and the defendants, and each of them, are citizens of the State of the United States of America, and the amount in controversy exceeds the sum of seventy-five thousand U.S. dollars ($75,000), exclusive of interests and costs.

3. Venue in the Northern District of Illinois satisfies the requirements of 28 U.S.C. §1391(a), in that one or more of the defendants reside in the judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and/or one or more of the defendants are subject to personal jurisdiction in this district and there is no other district in which the action may be otherwise brought.

## GENERAL ALLEGATIONS

4. That this action is a timely refiling of case number 07-cv-0019 which was previously dismissed pursuant to stipulation with the right to refile.

5. In or about 1992, The Boeing Company designed, manufactured, and assembled a certain aircraft, to wit: Boeing Model 737-300, serial number 26283, and variable number PQ294 ("subject aircraft"), which it thereafter sold and delivered to, INTERNATIONAL LEASE FINANCING CORPORATION (hereinafter "ILFC"), on or about October 22, 1992.

6. On January 3, 2004, the subject aircraft was being operated by Flash Airlines as Flight 604 from Sharm el-Sheik, Egypt, to Paris, France.

7. On January 3, 2004, and at the time the subject aircraft was being operated as Flash Airlines Flight 604, the subject aircraft was equipped with an SP-300 Digital Flight Control System, which included an auto-pilot system and a flight director system, which was designed, manufactured, assembled, sold and/or distributed by the defendant, Honeywell International, Inc., either individually or through its predecessor corporations or legal entities.

8. Defendant Boeing is and was at all times material a Delaware corporation, having its principal place of business in the State of Illinois.

9. Defendant Honeywell International, Inc. is and was at all times material a Delaware corporation, having its principal place of business in New Jersey. Honeywell was and is authorized to and continues to do systematic business in Illinois sufficient to satisfy the Due Process Clause and to subject it to this Court's jurisdiction.

10. On January 3, 2004, plaintiff's decedent, FATIMA HJIAJ, was a fare-paying passenger aboard Flash Airlines Flight 604.

11. On January 3, 2004, ERNEST SIDDI was a fare paying passenger aboard Flash Airlines Flight 604.

12. On January 3, 2004, at approximately 4:45 a.m., local time, the aircraft operated as Flash Airlines Flight 604 deviated from the controlled flight and crashed into the waters of the Red Sea.

13. As a result of the crash of Flash Airlines Flight 604 on January 3, 2004, all people aboard the aircraft, including plaintiffs' decedents, ERNEST SIDDI and FATIMA HJIAJ, were fatally injured.

14. At the same time of her death, FATIMA HJIAJ left surviving her husband, BEN AHMED MHAMDI, who is the heir at law and successor in interest of the estate of FATIMA HJIAJ, deceased, and is the personal representative of the estate of FATIMA HJIAJ, deceased.

15. At the time of his death, ERNEST SIDDI left surviving three adult sons; GREGORY SIDDI, FREDERIC SIDDI, and JEROME SIDDI, who are the heirs at law, successors in interest to and co-personal representatives of the estate of ERNEST SIDDI, deceased.

16. That by reason of the death of FATIMA HJIAJ, the plaintiffs, MHAMDI BEN AHMED, sustained substantial pecuniary and non-pecuniary damages. That by reason of the death of ERNEST SIDDI, the plaintiffs, GREGORY SIDDI, FREDERIC SIDDI, and JEROME SIDDI, sustained substantial pecuniary and non-pecuniary damages.

**FIRST CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY**

17. Plaintiffs hereby adopt and restate paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. Defendants Boeing and Honeywell were and are in the business of designing, manufacturing, selling, marketing, distributing, leasing and placing into the stream of commerce commercial jet aircraft, including the Boeing Aircraft, aircraft components, including the SP-300 Digital Flight Control System, Auto-Pilot and flight director in these systems with which the Boeing 737-300 aircraft was equipped. Because of the defects in the systems described herein, and others presently unknown, all of which

caused and contributed to the crash of Flight 604, the Boeing aircraft was unreasonably dangerous when delivered in the ordinary course of defendants' business, and provided to Flash Airlines, and not safe and fit for its intended purpose, or for any reasonably expected use, and posed serious risk of harm to passengers.

19. The systems described above were defective and constituted a proximate cause of the accident in the particular respects including but not limited to:

   (a) The systems failed to warn the flight crew that the aircraft pitch and bank attitude were not controlled by the auto-pilot or flight crew inputs;

   (b) The systems function and lack of warnings contributed to the flight crews loss of situational awareness and incorrect flight control inputs;

   (c) The systems function failed to warn of the impending auto-pilot overbank and pitch down or to arrest these conditions before the aircraft upset and crashed;

   (d) The system's components, including its normal operating procedures and instructions as found in the 737-300 aircraft flight manual and the pilot's operating handbook failed to prepare the flight crew for defects and unintended autoflight control problems which could result in an aircraft upset and crash; and/or

   (e) In particulars to be determined through discovery in this action.

20. Defendants Boeing and Honeywell are strictly liable for the injuries and damages caused by their defective products. They are liable for the crash of the Boeing Aircraft, and the damages and losses caused to plaintiffs by the death of their family members, and for the damages that they sustained prior to their deaths during the time that the Boeing Aircraft became uncontrollable, deviated from its flight path, failed to respond as expected to the commands of the crew, and during its consequent descent into the sea.

21. The dangerous and defective condition of the Boeing Aircraft and its component parts, as described above, was a direct and proximate cause of, and a

5

substantial factor in, the crash of Flash Airlines Flight 604, the resulting deaths of plaintiffs' decedents, and the damages and losses to plaintiffs and to their decedents as alleged herein. Plaintiffs have been damaged, and claim all damages to which the decedents' estates, the survivors, and/or beneficiaries may be entitled, including as applicable law may provide, as described herein.

## SECOND CAUSE OF ACTION
## GENERAL NEGLIGENCE

22. Plaintiffs repeat and incorporate herein the allegations of paragraphs 1 through 21 above.

23. Defendants Boeing and Honeywell owed a duty to passengers, including plaintiffs' decedents to exercise reasonable care in the design, manufacture, marketing, sale, repair, distribution and delivery of the Boeing Aircraft, including its component parts and systems, so as not to cause injury or harm to plaintiffs' decedents and other persons aboard the 737-300 Aircraft.

24. Boeing and Honeywell breached their duty of care to passengers of the Boeing Aircraft in one or more of at least the following ways: (1) negligently designing, manufacturing, marketing and placing into the stream of commerce the Boeing Aircraft and its component parts and systems including, but not limited to the auto flight system, in their defective and dangerous state; (2) negligently designing, manufacturing, and marketing the Boeing Aircraft and its component parts, including but not limited to its auto flight system, without adequate, proper, and correct instructions and regarding operation and potential for failure; and (3) negligently marketing said Boeing 737-300

6

Aircraft and components, including but not limited to its auto flight system, for use by carriers whose flight crews may not be adequately trained to operate them.

25. The negligent conduct of defendants Boeing and Honeywell as described above was a direct and proximate result of, and a substantial factor in the crash of Flash Airlines Flight 604, the consequent death of plaintiffs' decedents, and the damages and losses to plaintiffs and to their decedents as alleged herein. Plaintiffs have been damaged and claim all damages to which the decedents' estates, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, as described herein.

### THIRD CAUSE OF ACTION
### FAILURE TO WARN

26. Plaintiffs repeat and incorporate herein the allegations of paragraphs 1 through 25.

27. Defendants Boeing and Honeywell owed passengers a duty to provide adequate, proper, and correct warning regarding any defects in the Boeing 737-300 Aircraft, its components and systems, including but not limited to its auto flight system, including the above described defects in its design and manufacture.

28. Defendants Boeing and Honeywell breached this duty by failing to warn of the defects and dangers of Boeing Aircraft and its component parts as described above. They also failed to provide adequate warnings of the operational limitations and specifications of the Boeing Aircraft, and thus created an unreasonable risk of harm to operators of said Boeing Aircraft and their passengers, including plaintiffs' decedents. Defendants further breached their duty to warn of the defects in the Boeing Aircraft by failing to provide proper, adequate and correct information regarding safe and appropriate

operation of said Boeing Aircraft, including the foreseeable failure of its auto flight management system, its component and related systems, and the propensity of such failure to result in the Boeing Aircraft becoming uncontrollable in-flight.

29. The conduct of defendants Boeing and Honeywell as described above was a direct and proximate cause of and substantial factor in the crash of Flash Airlines Flight 604, the consequent death of plaintiffs' decedents, and the damages and losses to plaintiffs and to their decedents as alleged herein. Plaintiffs have been damaged, and claim all damages to which the decedents' estates, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, as described herein.

## FOURTH CAUSE OF ACTION
## BREACH OF WARRANTY

30. Plaintiffs repeat and incorporate herein the allegations of paragraphs 1 through 29 above.

31. Defendants Boeing and Honeywell made certain express and/or implied warranties that the Boeing Aircraft was airworthy, and that the Boeing Aircraft and its components parts and systems were, upon delivery to Flash Airlines, fit and safe for the purposes for which they were intended, of merchantable quality, and free from dangerous, latent defects, such as the defects which caused the crash of the Boeing Aircraft and the loss of the lives of its passengers, including plaintiffs' decedents and crew. In fact, latent defects rendered the Boeing Aircraft not safe and not fit for the purpose and use for which it was intended, which was the transport of passengers, and was unfit for the purpose prior to the delivery of the Boeing Aircraft to Flash Airlines, and was not airworthy. As a result, defendants Boeing and Honeywell breached their

express and/or implied warranties, of which plaintiffs' decedents, by virtue of having been passengers aboard the Boeing Aircraft, were beneficiaries.

32. The defendants' breach of these warranties as described above was a direct and proximate cause of and a substantial cause in the crash of Flash Airlines Flight 604, the consequent death of plaintiffs' decedents, and the damages and losses to plaintiffs and to their decedents as alleged herein. Plaintiffs have been damaged, and claim all damages to which the decedents' estates, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, as described herein.

## DEMAND FOR JURY TRIAL

33. Plaintiffs demand a trial by jury on all issues.

WHEREFORE, plaintiffs request that a judgment be awarded against the defendants, and each of them, jointly and severally as follows:

1. Loss of care, comfort and companionship;
2. Moral damages;
3. Loss of economic support, net accumulations and earning capacity;
4. Material damages;
5. Loss of inheritance;
6. Loss of guidance;
7. Funeral and burial expenses;
8. Punitive and exemplary damages available under applicable law;
9. Prejudgment interest
10. Cost of suit; and

11. Any and all other damages to which plaintiffs and/or beneficiaries may be entitled under all applicable laws.

Respectfully submitted,

NOLAN LAW GROUP

_____
Donald J. Nolan, Esq.
djn@nolan-law.com
Paul R. Borth, Esq.
prb@nolan-law.com

NOLAN LAW GROUP
20 North Clark Street—30th Floor
Chicago, IL 60602
T 312-630-4000
F 312-630-4011

**ATTORNEYS FOR PLAINTIFFS**

10