IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY SIDDI, JEROME SIDDI and FREDERIC SIDDI, individually, and as co-personal representatives, heirs of law, and successors in interest to the estate of ERNEST SIDDI, deceased<br><br>BEN AHMED MHAMDI, as personal representative, heir at law, and successor in interest to the estate of FATIMA HJIAJ, deceased,<br><br>                    Plaintiffs,<br><br>        v.<br><br>THE BOEING COMPANY, a Corporation; HONEYWELL INTERNATIONAL, INC., a Corporation,<br><br>                    Defendants. | No. 08 C 1790<br><br>Judge Harry D. Leinenweber<br><br>**FILED**<br>JUN 1 1 2008<br>6-11-2008<br>JUDGE HARRY D. LEINENWEBER<br>U.S. DISTRICT COURT JUDGE |

**AGREED MOTION FOR DISMISSAL**

All parties to this litigation, by and through their counsel and pursuant to Federal Rule of Civil Procedure 41(a)(2), hereby move the Court for an order of dismissal without prejudice under the terms described below and contained in the proposed order granting agreed motion for dismissal attached hereto. In support of this Motion, the parties state as follows:

1. Plaintiffs are certain survivors of two decedents who perished in the January 3, 2004 crash of a Flash Airlines aircraft off the coast of Egypt. This accident has generated litigation on behalf of numerous decedents in France, California, Arkansas and Illinois. The litigation in California and Arkansas was dismissed on the ground of forum non conveniens. A condition of those dismissals was that a French court would assume jurisdiction over the plaintiffs' claims. The Illinois litigation arising out of this accident is described below.

2. On January 3, 2007, plaintiffs filed in this court an action entitled *Gregory Siddi, et al. v. The Boeing Company and Honeywell International, Inc.*, No. 07 CV 0019. On March 22, 2007, plaintiffs filed a notice pursuant to Federal Rule of Civil Procedure

AGREED MOTION FOR DISMISSAL
LEGAL14237195.1

41(a)(1)(A)(i) to voluntarily dismiss all claims in No. 07 CV 0019. On March 22, 2007, the Clerk of this Court entered this dismissal.

3. On March 27, 2008, plaintiffs filed a complaint in the instant action, which is identical in all material respects to No. 07 CV 0019. Boeing was served with this complaint on April 3, 2008, and Honeywell was served on April 4, 2008.

4. It is the intent of all parties that plaintiffs will pursue their claims against Boeing and Honeywell in France if the French courts determine that the survivors of the decedents who perished in this accident can proceed with their claims against Boeing and Honeywell in France. It is further understood and agreed that if the French courts determine that the courts of France lack jurisdiction over the survivors' claims against Boeing and Honeywell, then plaintiffs will be allowed to refile their action in the United States District Court for the Northern District of Illinois Eastern Division, provided that plaintiffs file their action within sixty (60) days of the date on which the French courts finally resolve the issue of jurisdiction. The issue of jurisdiction is presently in the process of being appealed to the French Cour de Cassation. Once this court rules, which is expected within the next 8-12 months, the issue of jurisdiction will be finally resolved.

5. It is further the intent of all parties that the applicable U.S. statute of limitations for the claims embodied in this lawsuit be suspended until a date sixty (60) days after the issuance of a ruling by the French courts finally resolving the issue of jurisdiction.

6. Finally, the parties agree that the "two dismissal" rule established in Federal Rule of Civil Procedure 41(a)(1)(B) does not apply to the dismissal sought by this motion. It is understood and agreed that this dismissal by court order pursuant to Rule 41(a)(2) will be without prejudice and with leave to file the action again in accordance with the understanding set out in the previous paragraphs. *See Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) ("By its own clear terms, the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2).")

AGREED MOTION FOR DISMISSAL

7. Accordingly, all parties request that the Court enter the attached Rule 41(a)(2) dismissal of this action.

WHEREFORE, plaintiffs and defendant respectfully request that the Court grant this Motion and enter the proposed order submitted herein.

DATED: June 11, 2008.

NOLAN LAW GROUP

By: _____
Paul Borth
Attorneys for Plaintiffs
20 North Clark St., #3000
Chicago, IL 60602
Tel.: (312) 630-4000
Fax: (312) 630-4011

DATED: June 11, 2008.

PERKINS COIE LLP

By: _____
Bruce D. Campbell
Bates McIntyre Larson
Attorneys for Defendant The Boeing Co.
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel.: (312) 324-8400
Fax: (312) 324-9400

DATED: June 11, 2008.

MORRISON & FOERSTER LLP

By: _____
M. Andrew Woodmansee
Attorneys for Defendant
Honeywell International Inc.
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
Tel.: (858) 720-5100
Fax: (858) 720-5125